GULF, COLORADO AND SANTA FE RAILWAY COMPANY v. MASSENBURG-BANKHEAD DRYGOODS COMPANY.

Decided November 11, 1905.

**1.—Lost Shipment—Invoice—Bill of Lading—Insufficient Evidence.**

Plaintiff sued for the loss of a shipment of goods between New York and Paris, Texas. An invoice of the goods purchased, together with a bill of lading executed by the steamship company for one case of clothing, was received by the plaintiffs from the consignors. There was evidence that this case of clothing was delivered to the defendant railroad company at Galveston; there was testimony that it was never received by the plaintiffs; there was no direct evidence showing the contents of the case of clothing. Held, the evidence was insufficient to support the verdict in that it failed to show that the clothing described in the petition was contained in the case of clothing for which the bill of lading was given.

Appeal from the County Court of Lamar. Tried below before Hon. John W. Love.

*J. W. Terry* and *A. H. Culwell,* for appellant.—That the evidence was insufficient to support the verdict, cited: Texas & P. Ry. Co. v. Copper, 12 Texas Ct. Rep., 23.

*Moore, Park & Birmingham,* for appellees.—That the evidence was sufficient to support the verdict, cited: Grenleaf on Evidence, sec. 13 a (15th ed.); Carter v. Carter, 5 Texas, 101; Burrell v. State, 18 Texas, 733; Baylor v. Tillebach, 49 S. W. Rep., 721; Sparks v. Dawson, 47 Texas, 145.

BOOKHOUT, ASSOCIATE JUSTICE.—The appellee filed this suit in the County Court of Lamar County against the Mallory Steamship Line and the Gulf, Colorado & Santa Fe Railway Company, charging in the petition that on or about the 13th day of October, 1902, it caused to be delivered to the Mallory Steamship Line, in New York, a certain shipment of goods of the value of three hundred and forty-one dollars ($341), to be carried by said steamship line to Galveston, Texas, and thence to be forwarded to appellee at Paris, Texas, and that said goods had never been received at Paris, Texas, and for the value of which this suit was filed. The Mallory Steamship Line pleaded its privilege to be sued in Galveston County, Texas. The railway company answered by general demurrer, general denial, and specially, that on the 11th of September, 1902, Heidelberg, Wolf & Company, in the city of New York, executed a written contract with the Mallory Line to transfer a certain shipment, the contents of which were unknown, to Massenburg-Bankhead Drygoods Company, at Paris, Texas; that it was provided in this contract in case there was any loss or damage to the shipment that only the carrier in whose custody the goods were at the time of the loss should be liable, and further, that it was the duty of the consignee to see that they got the right marks and numbers on the boxes, and that, after the party applying for the goods from the carrier had signed for the same, the carrier should be released from all responsibility. It averred that it was a connecting carrier with the New York & Texas Steamship Company, and, during September, 1902, received a shipment which it duly delivered at destination to the plaintiff, or its authorized agents, J. A. Hogue, or his manager, E. M. Higgs; that it received this shipment as connecting carrier, and as such was entitled to the benefits of all the stipulations contained in the original contract of shipment with the Mallory Line, which was known to and ratified by the plaintiff herein.

Further, that it delivered the shipment which it received from the Mallory Line to the said Hogue and Higgs, and that they were common carriers, and that, by reason of its delivery to them, its responsibility ceased.

The plea of privilege interposed by the Mallory Line was sustained, and the suit as to it was dismissed. The case proceeded to trial against this appellant, and verdict was returned December 15, 1904, against it for a total sum of $486.17. Judgment followed, and defendant perfected an appeal.

*Opinion.*—It is insisted that the verdict of the jury is contrary to

the great weight and preponderance of the evidence, in that there was no evidence that the shipment delivered by Heidelberg, Wolf & Company to the New York Steamship Company at New York contained clothing, or that it did not contain drygoods. Massenburg-Bankhead Drygoods Company, of Paris, Texas, purchased from Heidelberg, Wolf & Company, of New York, on September 9, 1902, a bill of overcoats amounting to $341. The goods are described in the petition, and it is alleged that they never were delivered to Massenburg-Bankhead Drygoods Company at Paris. An invoice of the goods purchased, together with a bill of lading executed by the New York & Texas Steamship Company for one case of clothing, was received by Massenburg-Bankhead Drygoods Company at Paris from Heidelberg, Wolf & Company, of New York. The case was marked "Massenburg-Bankhead D. G. Co., Paris, Texas, No. 7481." There is testimony that this case of clothing was never delivered to the consignees. There is evidence to the effect that the case of clothing number 7481, shipped by Heidelberg, Wolf & Company, was delivered to the appellant company at Galveston. There is no direct evidence showing the contents of this case of clothing. The court instructed the jury that the contents of the case could be shown by circumstances, as well as direct proof. This may be true, but the circumstances must be sufficient to enable the jury to determine the fact to be found by them. It was shown that Heidelberg, Wolf & Company dealt exclusively in clothing. The above is all the evidence tending to show that the clothing described in the petition ever came into the possession of the railway company.

Do these facts authorize a finding that the clothing described in the invoice was contained in the case number 7481 described in the bill of lading? It is true the bill of lading describes the property as a case of clothing, but it further states that the contents are unknown. If it can be inferred that the case contained clothing, then how much of the bill purchased by the appellee did it contain? It seems from the testimony that it did not contain the entire bill purchased, for it is shown that a small shipment of this bill was sent to appellee by express. The amount sent by express is not shown, or the value of the goods sent. The contents of this case of clothing, it would seem, could have been established by direct proof.

We are clearly of the opinion that the evidence was insufficient to support the verdict, in that it failed to show that the clothing described in the petition was contained in the case of clothing for which the bill of lading was given. It follows that the trial court erred in overruling the appellant's motion for a new trial.

Appellant complains of the action of the Court in refusing certain special charges requested by it. These charges, we think, were sufficiently embraced in the main charge, and hence there was no error in refusing the same.

For the error pointed out the judgment is reversed, and the cause remanded.

*Reversed and remanded.*